UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KOZLOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV1182 HEA |
| | ) | |
| RONALD LOHR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Motion to Dismiss, [Doc. No. 13]. Plaintiff has not responded to the motion within the prescribed time period in accordance with the Court's Local Rules. For the reasons set forth below, the motion is granted.

**Facts and Background**

Plaintiff's Complaint is brought pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. The Complaint alleges that defendants discriminated against him based on his race and age and in retaliation for filing a Charge of Discrimination with the EEOC. Plaintiff alleges that he was a "casual" delivery driver for Lohr Distributing Company form 1997 to 2005 and that each time he was passed over, Lohr Distributing Company hired younger

individuals, two of whom also being African-American.

Plaintiff further alleges that following an age discrimination charge against the company, he received less time working or was given routes that offered less pay than other individuals. He was made to take at least thirteen drug or alcohol tests, which he claims is far more than any other individual. He was subject to harassment regarding his national origin and religion.

Plaintiff claims that each individual listed was involved in the hiring process in determining which individuals would be hired on a full time basis.

Plaintiff filed a charge of discrimination with the EEOC in September, 2003 against Lohr Distributing Company. This Charge was settled between plaintiff and Lohr. Plaintiff filed a second Charge of Discrimination with the EEOC on May 9, 2005. The EEOC issued its Right to Sue letter on July 25, 2006. Plaintiff filed this action on August 8, 2006.

Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to state a cause of action because there can be no individual liability under Title VII or the AEDA.

## **Discussion**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless

it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

Plaintiff's Complaint attempts to state a claim against individuals employed at Lohr Distributing. Such a claim does not exist. The Eighth Circuit has "squarely

held that supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Every Comm. Sch. Dist.,* 121 F.3d 446, 447 (8th Cir. 1998); *See also Bales v. Wal-Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998); *Spencer v. Ripley Cty. State Bank,* 123 F.3d 690, 691-92 (8th Cir. 1997). The ADEA definition of "employer" is essentially identical to Title VII and therefore the same scope of liability applies under both statutes. *See* 42 U.S.C. § 2000e(b); 29 U.S.C. § 630(b). Under this authority, plaintiff cannot bring his claims against the individual defendants, rather, any claims under Title VII and the ADEA must be brought against his "employer" in accordance with Eighth Circuit law.

## **Conclusion**

For the foregoing reasons, the Court finds that binding Eighth Circuit law precludes individual liability under Title VII and the ADEA. The Complaint, therefore fails to state a claim against the defendants.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss, [Doc. No. 13], is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed for failure to

state a claim against these defendants.

Dated this 10th day of October, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE